IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2085-D

| | |
|---|---|
| COREY DASHAWN JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAVID ELLIOTT, Admin., ) | |
| Tyrrell Prison Work Farm, ) | |
| ) | |
| Respondent. ) | |

On June 24, 2009, Corey Dashawn Jones ("petitioner" or "Jones"), a state inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On January 22, 2010, the court reviewed Jones' amended petition and allowed the action to proceed [D.E. 5]. On March 19, 2010, Administrator David Elliott ("respondent") filed a motion to dismiss the petition for failure to exhaust administrative remedies [D.E. 9], and the court notified Jones of his right to respond [D.E. 11]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ( per curiam). Jones did not file any response, and the time within which to do so has expired.

In support of the motion to dismiss, respondent notes that Jones has not filed any motions for appropriate relief ("MAR") or direct appeal of his conviction. Mem. Supp. Mot. Dismiss 1. Absent a valid excuse, a state prisoner must exhaust available remedies in state court before seeking federal habeas-corpus relief. See 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, the petitioner must fairly present his claims to the state court. See, e.g., Picard v. Connor, 404 U.S. 270, 275 (1971); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). A claim is "fairly presented" if the petitioner presents to the state court the "substance of his federal habeas corpus claim,"

including "both the operative facts and the controlling legal principles." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (quotations omitted). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In North Carolina, a petitioner may satisfy section 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a state post-conviction proceeding (such as a MAR) and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A-28(a) ("Decisions of the [North Carolina] Court of Appeals upon review of motions for appropriate relief . . . are final and not subject to further review in the [North Carolina] Supreme Court by appeal, motion, certification, writ, or otherwise."); id. § 7A-31; id. § 15A-1422.

The court finds that dismissal without prejudice is appropriate. Jones may re-file his section 2254 petition if he so desires once he has exhausted his state court remedies.

In sum, respondent's motion to dismiss [D.E. 9] is GRANTED. Petitioner's application for habeas-corpus relief is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This __4__ day of February 2011.

JAMES C. DEVER III
United States District Judge

2